IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert Abel, # 41724-061 | ) |
|         Plaintiff, | ) Civil Action No. 1:22-cv-01630-TMC |
| vs. | ) **ORDER** |
| K. Nolte, D. Brown, Stephen Hoey, Holly Harrell, CDR Brown, H. Borck, M. Bunnell, E. Ingersoll, T. Truesdale, and Raymond Dominici, | ) |
|         Defendants. | ) |

Robert Abel ("Plaintiff"), a federal inmate, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), alleging Defendants abridged his Eighth Amendment rights. (ECF Nos. 1; 10). This case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.01(B)(2)(d) (D.S.C.). Now before the Court is the magistrate judge's Order and Report and Recommendation ("Report") (ECF No. 60), denying Plaintiff's motion to amend/correct his complaint (ECF No. 53), denying his motion for a temporary restraining order and for preliminary injunction (ECF No. 54), denying as moot his motion to appoint counsel (ECF No. 55), and recommending the court grant Defendants' motion to dismiss (ECF No. 47). The Report included a notice to Plaintiff advising him of the right to file specific objections to the Report and of the consequences of failing to do so. (ECF No. 60 at 15).

The Report was entered and mailed to Plaintiff at the address he provided the court on February 16, 2023, (ECF No. 62), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Objections to the Report were due on March 6, 2023.

On March 10, 2023, the Clerk's Office received a letter from Plaintiff asking for a status update on his case and indicating that he had not received the Report. (ECF No. 65). Out of an abundance of caution, the court directed the Clerk of Court to send, for a second time, a copy of the Report to Plaintiff at the address he provided and sua sponte granted an *additional 40 days* from the original deadline for Plaintiff to file objections to the Report.  (ECF No. 66).  Thus, the court afforded Plaintiff until April 20, 2023, to file his objections. (ECF No. 66).  On March 23, 2023, the court mailed another copy of the Report (ECF No. 60) and a copy of the court's order (ECF No. 66) granting additional time to file objections to Plaintiff at the address he provided the court.  (ECF No. 67).  These items have not been returned as undeliverable; therefore, once again, the court presumes Plaintiff has received these items.  Nevertheless, Plaintiff has filed no objections to the Report, and the time to do so has run. Accordingly, this matter is now ripe for review.

## BACKGROUND

In the Report, the magistrate judge correctly sets forth the relevant facts and legal standards, which are incorporated herein by reference.  (ECF No. 60 at 1–4).  Briefly, Plaintiff alleges that he was denied access to insulin and a glucometer necessary to manage his diabetes. (ECF No. 10).  This matter came before the magistrate judge on Defendants motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 47).  Plaintiff filed a response in opposition to the motion to dismiss/motion to amend his complaint (ECF No. 53), motions for a temporary restraining order and preliminary injunction (ECF No. 54), and for counsel to be appointed for him (ECF No. 55). In his response to Defendants' motion to dismiss, Plaintiff conceded his claims were foreclosed by law and sought to amend his complaint. (ECF No 53 at 2).  The magistrate judge declined to grant leave to amend as the motion to amend, noting that Plaintiff had improperly sued the Defendants under *Bivens* in their individual, rather than official,

2

capacities; that his claims would be moot as he is no longer housed at FCI Williamsburg; and that any amended claim against Defendant CDR Brown—the only Defendant who is assigned to FCI Butner where Plaintiff is now incarcerated—would be futile as she is not a clinical or medical director and must be given instructions to give access to a glucometer. (ECF No. 60 at 10–12). Accordingly, the magistrate judge recommended the court grant Defendants' motion to dismiss. *Id*. at 14.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'")).

## DISCUSSION

Having thoroughly reviewed the record and the Report, and finding no clear error, the court agrees with, and wholly adopts the magistrate judge's findings and recommendations in the Report. (ECF No. 60). The Court, therefore, **ADOPTS** the magistrate judge's Report, and incorporates it herein. Accordingly, Defendants' motion to dismiss (ECF No. 47) is **GRANTED,** and Plaintiff's action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 4, 2023

[Notice of Right to Appeal – Next Page]

5

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.